OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILLIS

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WILLIS
2020 OK 49
Case Number: SCBD-6925
Decided: 06/08/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 49, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION. 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant,
v.
Haskell Doak Willis, Respondent.

ORDER OF IMMEDIATE INTERIM SUSPENSION

Â¶1 On May 1, 2020, the complainant, Oklahoma Bar Association (OBA), filed a verified complaint against the respondent, Haskell Doak Willis, pursuant to Rules 6 and 7 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A. The OBA, with the concurrence of the Professional Responsibility Commission, requests an emergency interim suspension pursuant to Rule 6.2A of the RGDP.

Â¶2 In support, the OBA presented a plea agreement filed in the U.S. District Court for the Eastern District of Oklahoma, Case No. CR-19-39-RAW, in which Respondent agreed to voluntarily plead guilty to Felon in Possession of a Firearm, in violation of 18 U.S.C. Â§ 922(g). The Respondent and the United States agreed to a sentence of 12 months and one day of imprisonment, although the formal sentencing has not occurred. In addition, Respondent agreed to contact the Oklahoma Bar Association regarding the plea agreement and plea of guilty and to withdraw his status as an active member of the Oklahoma Bar Association.

Â¶3 According to the Complaint, Respondent failed to contact the OBA within the following month. The OBA contacted Respondent who agreed to provide a comprehensive case list regarding the status of all of his pending cases. Since then, mailings to Respondent have been returned and phone messages and e-mails have received no response. The OBA states that it is unknown how many cases are pending in Oklahoma in which Respondent is currently serving as attorney of record. The OBA further states that Respondent has not updated his roster address, has vacated the premises of his law office, and does not have an IOLTA account pursuant to Rule 1.15 ORPC.

Â¶4 In the Complaint, the OBA reports that 4 grievances are currently pending in the General Counsel's office of the OBA, each of which were filed by current clients of the Respondent involved in pending litigation and/or criminal matters. In each instance, Respondent has collected fees and been unresponsive to the complainant clients.

Â¶5 The OBA requests an emergency interim suspension under Rule 6.2A on the grounds the alleged conduct of Respondent poses an immediate threat of substantial and irreparable harm. On May 7, 2020, this Court ordered Respondent to show cause no later than May 21, 2020, why an order of immediate interim suspension should not be entered. Respondent did not respond.

Â¶6 Upon consideration of the OBA's Rule 6.2 verified Complaint and application for an order of emergency interim suspension, and the evidence presented, the Court finds that Respondent's has committed conduct in violation of the Oklahoma Rules of Professional Conduct and such conduct poses an immediate threat of substantial and irreparable public harm.

Â¶7 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Haskell Doak Willis is immediately suspended from the practice of law, pursuant to Rule 6.2A of the RGDP.

Â¶8 Inasmuch as Respondent did not file an objection under Rule 6.2A(2)(a) and (b), Haskell Doak Willis is ordered to give written notices by certified mail, within 20 days from the date of this order, to all of his clients having legal business then pending of his inability to represent them and the necessity for promptly retaining new counsel. If Haskell Doak Willis is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the Respondent had substantial responsibility. Haskell Doak Willis shall also file a formal withdrawal as counsel in all cases pending in any tribunal. Haskell Doak Willis must file, within 20 day from the date of this Order, an affidavit with the Commission and with the Clerk of the Supreme Court stating that he has complied with this Order, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by Haskell Doak Willis with this Order shall be a condition precedent to any petition for reinstatement.

Â¶9 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE on June 8, 2020.

/S/CHIEF JUSTICE

Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Colbert, Combs, Kane and Rowe, JJ., concur;

Edmondson, J., not participating.